MURIEL GROVER *v.* TOWN OF MANCHESTER

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 14—decided December 19, 1973

*Thomas P. FitzGerald,* with whom were *Philip Bayer* and, on the brief, *Herbert A. Phelon, Jr.,* for the appellant (plaintiff).

*Maurice T. FitzMaurice* and *David M. Barry,* town counsel, for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff, the widow of a member of the police department of

the defendant town of Manchester, from a judgment rendered for the defendant after the trial court had sustained its demurrer to the plaintiff's complaint.

The plaintiff's husband died from heart disease while serving as a uniformed regular member of the Manchester police department and the plaintiff, his dependent at the time of his death, brought an action for compensation under the provisions of § 7-433c of the General Statutes, enacted as Public Act No. 524 of the Public Acts of 1971, which provides, in relevant part, as follows: "Notwithstanding any provision of chapter 568 . . . in the event . . . a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death . . . his dependents . . . shall receive from his municipal employer compensation . . . in the same amount and the same manner as that provided under chapter 568 if such death . . . was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment."

The complaint, which simply alleged the undisputed facts that the plaintiff's decedent, prior to his employment by the defendant, had successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease, and that he was employed by the defendant as a police officer when he died from an acute myocardial infarction or heart disease, sought an order requiring the defendant to pay to the plaintiff the benefits to

which she claimed to be entitled "under said Public Act No. 524." The defendant demurred on three grounds, the first, which was sustained by the trial court, being: "The plaintiff has stated no cause of action against the defendant under the provisions of Public Act 524 (1971). That statute does not allow recourse to the courts unless the requirements of Chapter 568 of the General Statutes have been met." Chapter 568 is the Workmen's Compensation Act, and the sole issue thus raised is whether the court erred in ruling that the plaintiff had no recourse to the courts under § 7-433c unless the requirements of the Workmen's Compensation Act first had been met.

The plaintiff, in arguing that the statute does not require proceedings under the Workmen's Compensation Act and that it sets up a new, independent procedural avenue for claims of this type, cites its legislative history and the frustrations resulting from the treatment given by the compensation commissioners and, upon appeal, by the courts, to the statutory predecessors of § 7-433c. Particular reference is made by the plaintiff to Public Act No. 380, § 1, of the Public Acts of 1969, formerly § 7-433a, which this court declared unconstitutional in *Ducharme* v. *Putnam,* 161 Conn. 135, 285 A.2d 318, on the ground that the conclusive presumption created by the statute contravened the due process clauses of both the Connecticut and the United States constitutions.

Nothing, however, in its legislative history or in its statement of purpose, as cited by the plaintiff, persuades us that § 7-433c was intended by the legislature to require each municipality in Connecticut to create separate administrative machinery duplicat-

ing that already available under the Workmen's Compensation Act for resolving claims by firemen and policemen and further to burden by additional litigation of such claims the courts as well as the municipalities. The statute specifically mentions the Workmen's Compensation Act in two places which, when read together, clearly provide in pertinent part that "[n]otwithstanding any provision of chapter 568 . . . he or his dependents . . . shall receive from his municipal employer compensation . . . *in the same amount and the same manner as that provided under chapter 568* . . . ." (Emphasis added.)

The only procedural avenue mentioned for bringing claims is chapter 568, which outlines clearly the procedure to be followed by claimants for workmen's compensation before recourse to the courts is available. See *Ranta* v. *Bethlehem Steel Corporation,* 271 F. Sup. 286, 287 (D. Conn.); *Pallanck* v. *Donovan,* 105 Conn. 591, 595, 136 A. 471.

We conclude that the trial court properly sustained the defendant's demurrer on the first ground, as stated above, and since this conclusion is dispositive of the issue raised, it is not necessary to discuss the constitutional questions alternatively raised in the briefs.

There is no error.