The plaintiff in this action seeks workers' compensation benefits and access to the second injury and compensation assurance fund[1] as the result of a work related myocardial infarction which occurred on March 28, 1974. The defendant employer and the defendant insurer both argued that the plaintiff did not comply with the relevant statutes concerning notice,[2] and they were therefore not liable. The commissioner, in his finding and award, concluded that the notice statutes were indeed complied with and ordered payments to the plaintiff. *Page 646 
The defendants appealed to the compensation review division which affirmed the commissioner's decision as against the employer and its insurer but concluded that notice to the second injury fund was inadequate, and therefore sustained the appeal as to the fund. The defendant Waterbury Iron Works has appealed to this court.
It is undisputed that the plaintiff did not furnish a written notice of claim within the one year period from the date of his accident as required by General Statutes 31-294.[3] He contends, however, that his failure to do so is not a bar to his claim as Waterbury Iron Works furnished him medical care within the one year period from the date of his accident.[4]
The essentially undisputed facts are as follows: On March 28, 1974, the plaintiff, an iron worker, suffered an acute myocardial infarction while installing metal stair risers. He was taken to the hospital by a fellow employee in a company vehicle.
At the time of this incident, the plaintiff was a member of the International Association of Bridge, Structural and Ornamental Iron Workers, Local Number 424. The defendant, Waterbury Iron Works, was a member of the Connecticut Steel Fabricators and Erectors Association. This association had authority to negotiate a collective bargaining agreement on behalf of its member companies with the plaintiff's union. Such an agreement existed on March 28, 1974. *Page 647 
That collective bargaining agreement provided for each employer to contribute thirty-five cents per hour of covered employment to the Connecticut State Building Trades Hospitalization and Insurance Fund. That fund, administered by eight trustees, was maintained to pay for a plan of medical benefits as determined appropriate by the fund's trustees.
The plaintiff's hospitalization and subsequent medical treatment were paid for under the program of medical benefits provided by the hospitalization and insurance fund. He now contends that the benefits provided by that fund constitute "medical or surgical care" provided by his employer within the meaning of 31-294, thereby relieving him of the obligation of filing a timely notice of his claim for workers' compensation. we do not agree.
Section 31-294 provides in unequivocal language that "[n]o proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given [as specified] . . . ." As an exception to this rule, no notice is required if "an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as hereafter provided in this section . . . ." (Emphasis added.) Thus, not all medical and surgical care meets the requirements for claiming that exception to the general rule. The care must be "as hereafter provided in this section . . ." to effectuate the exception. Section31-294 thereafter states that "[t]he employer . . . shall provide a competent physician or surgeon to attend the injured employee and, in addition, shall furnish such medical and surgical aid or hospital or nursing service as such physician or surgeon deems reasonable or necessary. Such physician or surgeon shall be selected by the employee from an approved list of physicians and surgeons prepared by the commissioners . . . ." The statute is clear that it is the employer who, in the first instance, is to "provide" the physician for the employee. *Page 648 
To "provide" means "to supply what is needed." Webster, Third New International Dictionary. The medical service here was supplied by the trustees of the Connecticut State Building Trades Hospitalization and Insurance Fund pursuant to a declaration of trust and a collective bargaining agreement, neither of which was ever signed by the defendant. The defendant's sole relationship to the medical services provided here was the employer's thirty-five cents per hour contribution to the fund. The circumstances under which the medical care was "provided" are simply too remote to meet the terms of the exception to the statutory rule.
"When a statute creates an exception to a general rule it is to be construed strictly and its language is not to be extended beyond its evident intent." Kulis v. Moll, 172 Conn. 104,110, 374 A.2d 133 (1976), quoting Willoughby v. New Haven, 123 Conn. 446, 454, 197 A. 85 (1937). The application of such a construction to this very statute is consistent with the result found in Kulis v. Moll, supra, wherein the employer's act of personally driving the injured claimant to the hospital did not qualify as medical service "provided" by the employee within the meaning of this statute.
 There is error. The finding and award are set aside and the case is remanded with instruction to sustain the appeal of the defendant employer, Waterbury Iron Works, Inc.
In this opinion DALY and BIELUCH, Js., concurred.