ROBERT P. JANCO *v.* TOWN OF FAIRFIELD

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1407

Argued March 15—decided June 10, 1983

*Kenneth B. Povodator,* with whom, on the brief, was *Noel R. Newman,* for the appellant (defendant).

*Charles L. Flynn,* for the appellee (plaintiff).

DALY, J. This is an appeal by the town of Fairfield from a decision of the compensation review division affirming a finding and award for the plaintiff by the workers' compensation commissioner for the fourth district.

The following facts are undisputed: On October 2, 1956, the plaintiff was employed by the town as a regular member of its police department. Prior to being employed, he passed a physical examination which revealed no evidence of hypertension or heart disease.

On January 21, 1977, the plaintiff, while in the town's employ, suffered a myocardial infarction and was hospitalized. He was hospitalized again in May, 1977, and underwent coronary bypass surgery the following month. The plaintiff's hospitalization and medical treatment were paid for primarily through a medical benefits program provided by the town to its employees.

In October, 1977, the plaintiff's physician notified the town's chief of police that the plaintiff was disabled due

to "his coronary artery disease with myocardial infarction and angina pectoris." The plaintiff subsequently requested a disability retirement because of his heart condition, which the board of police commissioners granted on November 3, 1977. The plaintiff's retirement became effective on January 2, 1978.

In September, 1980, the plaintiff filed a notice of claim with the workers' compensation commissioner for disability benefits under General Statutes § 7-433c, the hypertension and heart disease compensation law. After a hearing, the commissioner awarded the plaintiff benefits. The town appealed to the compensation review division which affirmed the award and dismissed the appeal.

The threshold issue in this appeal is whether a plaintiff seeking disability benefits pursuant to § 7-433c must follow the statutory procedures established for making workers' compensation claims. The town argues that that is indeed the case and contends that the plaintiff failed to comply with the notice of claims provisions in General Statutes § 31-294.

Section 7-433c requires municipal employers to pay eligible firemen and policemen "compensation and medical care in the same amount and *the same manner as that provided under* [the Workers' Compensation Act] . . . ." (Emphasis added.) The plaintiff argues that "manner" modifies "compensation and medical care" and therefore refers solely to the types of benefits applicable to a given claim and the method of payment. He thus interprets the relevant language as a directive to the commissioner. We disagree.

"The procedure for obtaining compensation and the measure of that compensation under General Statutes § 7-433c is the same as that outlined in [the Workers' Compensation Act]." *Plainville* v. *Travelers Indemnity Co.*, 178 Conn. 664, 671, 425 A.2d 131 (1979). "The only

procedural avenue mentioned for bringing [§ 7-433c] claims is chapter 568, which outlines clearly the procedure to be followed by claimants for workmen's compensation before recourse to the courts is available." *Grover* v. *Manchester,* 165 Conn. 615, 618, 353 A.2d 719 (1973). Thus, § 7-433c directs claimants to the provisions of the Workers' Compensation Act to determine how to proceed with a claim for benefits. Since § 31-294 states that "[n]o proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . ." we conclude that compliance with this section is also a prerequisite to entitlement to benefits under § 7-433c.

The town claims there was no evidence to support a finding of timely notice as required by § 31-294. It is undisputed that the written notice of claim filed in September, 1980, was untimely.[1] Nor was the plaintiff's letter of November 1, 1977, requesting a disability retirement, sufficient notice under the statute because, at most, it notified the town of the claimant's condition. The statute specifically requires notice of a claim for compensation. *Rehtarchik* v. *Hoyt-Messinger Corporation,* 118 Conn. 315, 317–18, 172 A. 353 (1934).

Lack of a timely written notice of claim for compensation, however, does not necessarily bar a plaintiff from proceeding with his claim. Section 31-294 provides as an exception that no notice is required if within said period of one year "an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as hereafter provided in this section . . . ." The compen-

---

[1] The claim that the town failed to comply with the provisions of General Statutes § 31-297 (b) in that it did not file a notice contesting liability within twenty days after receipt of the written notice of claim is raised for the first time on appeal. We therefore need not consider it. Practice Book § 3063; *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 520, 418 A.2d 883 (1979).

sation review division concluded that the town did furnish the plaintiff with such medical attention by providing medical insurance coverage for the plaintiff. The town, conceding that it financed a medical insurance program for its employees, denies that this action constitutes furnishing medical attention within the exception to the written claim notice requirement of § 31-294.

"[N]ot all medical and surgical care meets the requirements for claiming that exception to the general rule. The care must be 'as hereafter provided in this section . . . .' To effectuate the exception, § 31-294 thereafter states that '[t]he employer . . . shall provide a competent physician or surgeon to attend the injured employee and, in addition, shall furnish such medical and surgical aid or hospital or nursing service as such physician or surgeon deems reasonable and necessary. Such physician or surgeon shall be selected by the employee from an approved list of physicians and surgeons prepared by the commissioners . . . .'" *Clapps* v. *Waterbury Iron Works, Inc.*, 38 Conn. Sup. 644, 647, 458 A.2d 1161 (1983). In that case we concluded that the connection of an employer with medical services paid through a hospitalization fund to which the employer contributed was too remote to meet the terms and purpose of the exception to the statutory rule. The same rationale applies to the medical insurance program furnished by the town in the present case. The claimant's medical care, therefore, was not "furnished" by the town within the meaning of § 31-294.

There is error, the finding and award are set aside and the case is remanded with instruction to sustain the appeal of the defendant employer.

In this opinion BIELUCH and CIOFFI, Js., concurred.