## LAWRENCE SUPRENANT *v.* CITY OF NEW BRITAIN
### (10871)

DALY, LANDAU and FREEDMAN, Js.

Argued June 4—decision released August 25, 1992

*Kristin A. Dorney,* for the appellant (plaintiff).

*Joseph M. Musco,* city attorney, with whom was *Seth Feigenbaum,* assistant city attorney, for the appellee (defendant).

FREEDMAN, J. This is an appeal by the plaintiff from a decision of the compensation review division (review division) of the workers' compensation commission. The review division reversed the finding and award of the workers' compensation commissioner (commissioner) which awarded disability benefits to the plaintiff under General Statutes § 7-433c.[1] On appeal, the plaintiff

[1] General Statutes § 7-433c provides: "In recognition of the peculiar problems of uniformed members of paid fire departments and regular mem-

argues that the review division incorrectly determined that the commissioner's finding of evidence of the plaintiff's preemployment hypertension precluded an award

bers of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

under § 7-433c for his subsequent disability due to heart disease. We affirm the decision of the review division.

The plaintiff became a regular member of the New Britain fire department on June 26, 1972. Prior to his employment he underwent two preemployment physical examinations. After the first examination, it was determined that he was not qualified for the duties of a firefighter. After the second examination, he was found to be qualified for the position. These preemployment physical examinations revealed evidence that the plaintiff suffered from hypertension, but no evidence of heart disease was found.[2] The plaintiff became disabled due to heart disease and was out of work from January 6, 1985, through and including December 15, 1985. He first became aware that he suffered from heart disease on January 16, 1985.

The plaintiff commenced this action to receive benefits under General Statutes § 7-433c for his disability due to heart disease. Section 7-433c provides in pertinent part that a member of a paid fire department may receive benefits for disability or death caused by hypertension or heart disease if he or she "successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease . . . ." After a formal hearing, the commissioner issued a finding and award granting the plaintiff such benefits. The commissioner found that the plaintiff "was aware of his hypertension condition prior to his employment by the [city of New Britain] in June of 1972." The commissioner also found, however, that the medical testimony presented to it "unanimously differentiated between

_____

[2] Blood pressure readings taken at the first physical examination revealed that the plaintiff's blood pressure at that time was 160/110. A blood pressure reading taken at the second physical examination revealed that the plaintiff's blood pressure was 158/94 at that time.

hypertension and heart disease" and that his "preemployment physical in 1972 made no mention of any heart disease found in the claimant." The commissioner concluded that the plaintiff was entitled to all of the benefits afforded under § 7-433c because of his heart disease.

After the commissioner denied a motion by the city of New Britain to correct the commissioner's finding and award, the city appealed the decision of the commissioner to the review division. The city claimed that the commissioner improperly concluded that the plaintiff was eligible for benefits under General Statutes § 7-433c even though the plaintiff's preemployment physical examinations showed evidence of hypertension. The review division reversed the commissioner's finding and award. The review division concluded that a preemployment physical examination that revealed evidence of either hypertension or heart disease prohibits an employee from receiving benefits under § 7-433c for hypertension or heart disease.

The plaintiff appealed the decision of the review division to this court. He claims that the commissioner had correctly interpreted § 7-433c and that the review division improperly reversed the decision of the commissioner. The essence of his argument is that because his preemployment physical examinations revealed evidence only of hypertension, not heart disease, he is entitled to receive benefits under the statute for his subsequently discovered heart disease. The implicit suggestion of his argument is that the preemployment evidence of his hypertension precludes him from receiving benefits under § 7-433c only for hypertension during the course of his employment.

The sole question, which is dispositive of this appeal, is whether a member of a paid fire or police department whose preemployment physical reveals evidence

of hypertension, but not heart disease, may receive benefits for disability or death caused by subsequently discovered heart disease. We answer the question in the negative.

We review the review division's construction of § 7-433c in light of well established rules of statutory construction. " 'A fundamental tenet of statutory construction is that "statutes are to be considered to give effect to the apparent intention of the lawmaking body. . . ." ' *Verrastro* v. *Sivertsen,* 188 Conn. 213, 220, 448 A.2d 1344 (1982). When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 666, 560 A.2d 975 (1989)." *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 309–310, 592 A.2d 953 (1991).

In *Horkheimer* v. *Stratford,* 4 Conn. Worker's Comp. Rev. Op. 139 (1987), the compensation review division aptly stated that "[i]n order for [a] claimant to come within the group for which the protection provided in § 7-433c is intended, certain requirements must be met: (1) the claimant must be a uniformed member of a paid municipal fire department . . . (2) whose pre-employment physical examination *revealed no evidence of hypertension or heart disease;* (3) who suffers a condition or impairment of health caused by *hypertension or heart disease;* (4) resulting in death or temporary or permanent total or partial disability; and (5) economic loss resulting therefrom." (Emphasis added.) Id., 141. In *Horkheimer,* the review division further stated that "§ 7-433c is clear and unambiguous that the physical examination on entry into service must fail 'to reveal *any evidence of hypertension or heart disease* . . . .' That means the physical examination must

reveal *no evidence of hypertension or heart disease* in order for the claimant to be eligible for the application of § 7-433c." Id., 143.

"We afford great deference to the construction by the review division that is in charge of the enforcement of the compensation act." *Hansen* v. *Gordon,* 221 Conn. 29, 36, 602 A.2d 560 (1992). Not only do we afford great deference to the construction by the review division, but our own independent analysis leads us to the same conclusion.

"[W]e are mindful of the principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature; *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 375, 94 A. 372 (1915); and that it should be broadly construed to accomplish its humanitarian purpose." *Dubois* v. *General Dynamics Corporation,* 222 Conn. 62, 67, 607 A.2d 431 (1992). We, however, find no lack of clarity or ambiguity in the statute. A plain reading of § 7-433c requires us to hold that in order to be eligible for any benefits for either hypertension or heart disease under § 7- 433c, the plaintiff must have "successfully passed a physical examination on entry into [employment as a member of a paid municipal fire or police department], which examination failed to reveal any evidence of [either] hypertension or heart disease . . . ."

The decision of the compensation review division of the worker's compensation commission is affirmed.

In this opinion the other judges concurred.