ADELAIDE KAGAN *v.* ELLIOT GINSBERG, COMMISSIONER OF HUMAN RESOURCES (11278)

DALY, LANDAU and FREEDMAN, Js.

Argued February 19—decision released April 6, 1993

*Joseph P. Secola,* for the appellant (plaintiff).

*Nyle K. Davey,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch* and *Carolyn K. Querijero,* assistant attorneys general, for the appellee (defendant).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court dismissing her action brought against the defendant, Elliot Ginsberg,[1] pursuant to the Personal Data Act, General Statutes § 4-190 et seq. In that action, the plaintiff sought the disclosure of certain portions of the file that the defendant maintained on the plaintiff, a family home day-care provider. The portion of the file that the plaintiff sought to obtain related to allegations of child abuse. The defendants refused to disclose this information, claiming that General Statutes (Rev. to 1987) § 17-38a (9)[2] prohibited such disclosure.

---

[1] The action was brought against the defendant, Elliot Ginsberg, in his official capacity as commissioner of human resources.

[2] General Statutes § 17a-101 (g), formerly § 17-38a (9), provides in pertinent part: "The commissioner of children and youth services shall maintain a registry of the reports received pursuant to this section and shall adopt regulations to permit the use of the registry on a twenty-four-hour daily basis to prevent or discover abuse of children. The information contained in the reports and any other information relative to child abuse, wherever located, shall be confidential subject to such regulations governing their use and access as shall conform to the requirements of federal law or regulations. . . ."

Both the plaintiff and the defendant filed motions for summary judgment. After hearing both motions for summary judgment, the trial court dismissed the action sua sponte and entered judgment for the defendant. This appeal followed.

The trial court based its dismissal of the action on its conclusion that the plaintiff had no standing to bring the action because the plaintiff had "failed to allege in her pleadings that a medical doctor has reviewed her file and recommended its disclosure by the Commissioner to the plaintiff," a procedure that the trial court found to be "a prerequisite" to obtaining relief under General Statutes § 4-195.[3]

In reaching this conclusion, the trial court relied on the provisions of General Statutes § 4-194 (b).[4] The provisions for a review by a qualified medical doctor contained in § 4-194 (b), however, do not apply when the agency refuses to disclose personal data because it is of the opinion that such nondisclosure is mandated by law.

---

[3] General Statutes § 4-195 provides: "If disclosure of personal data is refused by an agency under section 4-194, any person aggrieved thereby may, within thirty days of such refusal, petition the superior court for the judicial district in which he resides for an order requiring the agency to disclose the personal data. Such a proceeding shall be privileged with respect to assignment for trial. The court, after hearing and an in camera review of the personal data in question, shall issue the order requested unless it determines that such disclosure would be detrimental to the person or is otherwise prohibited by law."

[4] General Statutes § 4-194 (b) provides: "If an agency refuses to disclose personal data to a person *and the nondisclosure is not mandated by law,* the agency shall, at the written request of such person, permit a qualified medical doctor to review the personal data contained in the person's record to determine if the personal data should be disclosed. If disclosure is recommended by the person's medical doctor, the agency shall disclose the personal data to such person if nondisclosure is recommended by such person's medical doctor, the agency shall not disclose the personal data and shall inform such person of the judicial relief provided under section 4-195." (Emphasis added.)

"When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 310, 592 A.2d 953 (1991); *Suprenant* v. *New Britain,* 28 Conn. App. 754, 758, 611 A.2d 941 (1992). The language of § 4-194 (b) is clear and unambiguous. The provisions relating to medical review only apply when the refusal to disclose personal data is "not mandated by law." Here, the defendant refused to disclose the information because he believed that nondisclosure was mandated by law. The trial court, therefore, improperly applied § 4-194 (b) to the circumstances of this case.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[5]

In this opinion the other judges concurred.

[5] We, of course, express no opinion as to whether the nondisclosure was, in fact, mandated by law. That issue, together with all other issues raised at trial, will have to be addressed by the trial court when it addresses the pending motions for summary judgment.