## GARY ZALETA *v.* TOWN OF FAIRFIELD
### (13419)

FOTI, LAVERY and HEIMAN, Js.

Argued February 6—decision released May 23, 1995

*Donal C. Collimore,* assistant town attorney, for the appellant (defendant).

*George W. Boath, Jr.,* with whom, on the brief, was *Vincent M. Zanella, Jr.,* for the appellee (plaintiff).

1

HEIMAN, J. The defendant appeals, pursuant to General Statutes § 31-301b,[1] from the decision of the compensation review board of the workers' compensation commission finding the plaintiff entitled to benefits under the statute providing compensation for heart disease and hypertension to police officers and fire-fighters, General Statutes § 7-433c.[2] On appeal, the defendant claims that the review board improperly determined that the plaintiff's hypertension was an occupational disease and, therefore, subject to the three year statute of limitations provided in General Statutes § 31-294c.[3]

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the appellate court."

[2] General Statutes § 7-433c provides in pertinent part: "(a) In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusually high degree of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment . . . ."

[3] General Statutes § 31-294c provides in pertinent part: "(a) No proceedings for compensation under the provisions of this chapter shall be main-

The following facts, stipulated to by the parties, are necessary for the resolution of this appeal. In 1977, the plaintiff was hired by the defendant as a firefighter after passing a physical examination in which no evidence of heart disease or hypertension was revealed. On September 14, 1987, the plaintiff was diagnosed as hypertensive and treated with medication. On January 4, 1988, the plaintiff developed a severe headache while at work and an emergency medical technician was asked to check his blood pressure. The medical technician found the plaintiff's blood pressure to be 160/100, and the plaintiff was sent home for the day. The plaintiff was able to return to work the next day.

On December 1, 1989, the plaintiff requested the first of a series of formal hearings with the defendant, seeking benefits under General Statutes § 7-433c. He subsequently filed a form 30-C on December 3, 1990. The defendant timely contested liability on December 10, 1990, claiming that the plaintiff failed to make a claim within one year of his diagnosis.

A formal hearing was held on August 30, 1991, before the workers' compensation commissioner for the fourth district, who found in favor of the plaintiff. The commissioner found that the plaintiff's claim was timely because "hypertension is an occupational disease and thus governed by the three year statute for filing that type of claim."

On July 14, 1992, the defendant moved to correct the finding of the commissioner that hypertension is an occupational disease governed by the three year statute of limitations. In support of its motion, the defendant claimed that the plaintiff failed to introduce any

tained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ."

evidence to justify such a finding. This motion was denied and the defendant timely appealed to the compensation review board of the workers' compensation commission. See General Statutes § 31-301.

The board affirmed the decision of the commissioner, determining that the language of the statute evinces "that the legislature has determined, without the necessity of further evidentiary support in the record, that hypertension is so distinctively associated with the occupations of police officer and firefighter that there is a direct causal connection between the occupational duties and hypertension sufficient to qualify hypertension as an occupational disease for purposes of a claim under § 7-433c."

On appeal to this court, the defendant claims that the compensation review board improperly determined that a claimant seeking benefits under § 7-433c need not submit evidence to establish that hypertension is an occupational disease in order to benefit from the three year statute of limitations. We agree with the defendant and reverse the decision of the compensation review board.

Before reaching the merits of the defendant's appeal, we reiterate the standards governing our review of decisions by the compensation review board. "[W]hen a decision of a commissioner is appealed to the review [board], the review [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. *Fair* v. *Peoples Savings Bank*, 207 Conn. 535, 538–39, 542 A.2d 1118 (1988). The commissioner has the power and duty, as the trier of fact, to determine the facts. *Castro* v. *Viera*, 207 Conn. 420, 435, 541 A.2d 1216 (1988). The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference ille-

gally or unreasonably drawn from them. *Adzima* v. *UAC/Norden Division*, [177 Conn. 107, 118, 411 A.2d 924 (1979)]. Id. Our scope of review of the actions of the review [board] is similarly limited. *DeBarros* v. *Singleton*, 21 Conn. App. 107, 110, 572 A.2d 69 (1990). *Vanzant* v. *Hall*, 219 Conn. 674, 677, 594 A.2d 967 (1991)." (Internal quotation marks omitted.) *Romanski* v. *West Hartford*, 34 Conn. App. 307, 316, 641 A.2d 439 (1994).

Section 7-433c provides compensation to police officers and firefighters who suffer from heart disease or hypertension and who meet the requirements set forth in the statute. In order to collect the benefits provided by § 7-433c, a claimant need show only that he or she is a uniformed member of a paid fire department or a regular member of a paid police department, whose preemployment physical examination revealed no evidence of hypertension or heart disease, who now suffers a condition or an impairment of health caused by hypertension or heart disease that has resulted in death or disability, and has suffered a resultant economic loss. *Suprenant* v. *New Britain*, 28 Conn. App. 754, 758, 611 A.2d 941 (1992).

Unlike eligibility for benefits under the Workers' Compensation Act, a claimant under § 7-433c need not show that "the disease resulted from the employee's occupation or . . . occurred in the line and scope of his employment." (Internal quotation marks omitted.) *Collins* v. *West Haven*, 210 Conn. 423, 427, 555 A.2d 981 (1989), citing *Bakelaar* v. *West Haven*, 193 Conn. 59, 67, 475 A.2d 283 (1984), and *Plainville* v. *Travelers Indemnity Co.*, 178 Conn. 664, 670, 425 A.2d 131 (1979). In this way, § 7-433c acts as bonus legislation that provides "special compensation"; *Collins* v. *West Haven*, supra, 426; to firefighters and police officers by allowing those who suffer from heart disease or hypertension outside the line of duty to collect benefits in the

same manner as those who are injured in the line of duty. *Lambert* v. *Bridgeport*, 204 Conn. 563, 566–67, 529 A.2d 184 (1987); *Pyne* v. *New Haven*, 177 Conn. 456, 460–61, 418 A.2d 899 (1979).

"While the Workers' Compensation Act and § 7-433c are separate pieces of legislation, '[t]he procedure for determining recovery under General Statutes § 7-433c is the same as that outlined in chapter 568 [General Statutes § 31-275 et seq.] . . . .' " *Hyatt* v. *Milford*, 26 Conn. App. 194, 199, 600 A.2d 5 (1991), appeal dismissed, 224 Conn. 441, 619 A.2d 450 (1993), quoting *Bakelaar* v. *West Haven*, supra, 193 Conn. 68; see also *Felia* v. *Westport*, 214 Conn. 181, 184–85, 571 A.2d 89 (1990). This includes compliance with the notice provisions of § 31-294c. *Cuccuro* v. *West Haven*, 6 Conn. App. 265, 267, 505 A.2d 1, cert. denied, 199 Conn. 804, 508 A.2d 31 (1986) (referring to predecessor to § 31-294c, General Statutes [Rev. to 1989] § 31-294). "Compliance with [§ 31-294c] is essential to maintaining a claim for compensation under chapter 568 and therefore under § 7-433c because timely notice is a jurisdictional requirement that cannot be waived." *Collins* v. *West Haven*, supra, 210 Conn. 430.

Under § 31-294c (a), a claimant must notify his employer of a claim for compensation "within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease . . . which caused the personal injury . . . ." An occupational disease is further defined as "any disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such . . . ." General Statutes § 31-275 (15). Without evidence establishing that the claimant's injury is a result of an occupational disease, the one year statute of limitations applies. See *Crochiere* v. *Board of Education*, 227 Conn. 333, 352, 630 A.2d 1027 (1993).

The plaintiff here produced no evidence to establish that hypertension is an occupational disease entitling him to the benefit of the three year statute of limitations. The plaintiff instead relied only on the language of § 7-433c, claiming that it evinces legislative recognition of heart disease and hypertension as occupational diseases vis-a-vis police officers and firefighters. A brief look at the history of § 7-433c reveals that the language of the statute makes no such presumption.

The statute concerning heart disease and hypertension was originally drafted as part of the Workers' Compensation Act and provided police officers and firefighters with a rebuttable presumption that heart disease and hypertension were causally connected to their occupations. *Morgan* v. *East Haven*, 208 Conn. 576, 580, 546 A.2d 243 (1988). In 1969, this rebuttable presumption was made conclusive and the statute was soon declared unconstitutional in *Ducharme* v. *Putnam*, 161 Conn. 135, 143, 285 A.2d 318 (1971). In response to that problem, § 7-433c was enacted in its present form in 1977 as legislation separate and distinct from the Workers' Compensation Act. *Morgan* v. *East Haven*, supra, 581.

"The fact that the constitutionality of § 7-433c as 'class preference' legislation was upheld by [our Supreme Court] in . . . *Grover* v. *Manchester*, 168 Conn. 84, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 [1975], as serving a proper public purpose, does not compel a conclusion that the statute implicitly includes an affirmative legislative finding of work-relatedness in all cases." *Plainville* v. *Travelers Indemnity Co.*, supra, 178 Conn. 673. In fact, our courts have consistently held that § 7-433c is not an "occupational disease law." As stated in *Plainville* v. *Travelers Indemnity Co.*, supra, 673: "Although the preamble to General Statutes § 7-433c indicates a legislative recognition of the risks to which policemen and

firemen are exposed, 'including an unusual high degree of susceptibility to heart disease and hypertension,' we do not construe such language as the equivalent of a legislative finding that all heart ailments suffered by firemen and policemen are causally related to their employment as the plaintiff seems to suggest."

The compensation review board, therefore, had no evidence before it that hypertension is an occupational disease and its finding that the plaintiff's claim was subject to the three year statute of limitations cannot stand. See *Romanski* v. *West Hartford,* supra, 34 Conn. App. 316.

The decision of the compensation review board of the workers' compensation commission is reversed and the case is remanded with direction to sustain the defendant's appeal.

In this opinion the other judges concurred.