## ALAN W. GAUGER ET AL. *v.* JESSE M. FRANKL ET AL.
## (SC 16130)

Borden, Norcott, Palmer, Sullivan and Vertefeuille, Js.

Argued January 11—officially released April 11, 2000

*John R. Williams*, for the appellants (plaintiffs).

*Michelle D. Truglia*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (named defendant).

*Opinion*

VERTEFEUILLE, J. The sole issue in this case, which comes to us upon our acceptance of a certified question from the United States District Court for the District of Connecticut,[1] is whether benefits awarded pursuant to General Statutes § 7-433c,[2] commonly referred to as the Heart and Hypertension Act, are subject to the review and modification procedures set forth in the Connecticut Workers' Compensation Act (act), General Statutes § 31-275 et seq. We answer the certified question in the affirmative.

The plaintiffs, retired police officers and firefighters or their surviving spouses who receive benefits pursuant to § 7-433c, brought an action in federal court for

[1] General Statutes § 51-199a, entitled "Uniform Certification of Questions of Law Act," provides in relevant part: "(b) The Supreme Court may answer questions of law certified to it by . . . a United States district court when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state. . . ." See also Practice Book § 82-1 et seq.

[2] General Statutes § 7-433c provides in relevant part: "Benefits for policemen or firemen disabled or dead as a result of hypertension or heart disease. (a) . . . [I]n the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 . . . ."

declaratory and injunctive relief contending that the defendants, Jesse M. Frankl, chairperson of the Connecticut workers' compensation commission, and nine municipalities,[3] are depriving the plaintiffs of their vested property rights to heart and hypertension benefits. Specifically, the plaintiffs claim that their benefits are irrevocable and that they should not be required to submit to reexamination to determine their present medical condition and to further hearings before workers' compensation commissioners as a condition of continued receipt of their benefits. After several of the defendants filed motions to dismiss the action on various grounds, including failure to state a claim upon which relief could be granted, the District Court asked us to determine whether benefits awarded pursuant to § 7-433c are subject to review and modification pursuant to the act.

"Statutory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *Smith* v. *Smith*, 249 Conn. 265, 272–73, 752 A.2d 1023 (1999)." (Internal quotation marks omitted.) *Coelho* v. *ITT Hartford*, 251 Conn. 106, 110, 752 A.2d 1063 (1999).

We begin our analysis with the text of the statute. Section 7-433c (a) provides in relevant part that "in the

---

[3] The nine municipal defendants in this case are the cities of Bridgeport, Danbury, New Haven, Milford, Stamford and Torrington and the towns of Fairfield, Southington and Trumbull.

event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department . . . suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care *in the same amount and the same manner* as that provided under chapter 568 . . . ." (Emphasis added.) The act is codified in chapter 568 of the General Statutes. In order to answer the certified question we must interpret § 7-433c.

Section 7-433c was first enacted by the legislature in 1971. Public Acts 1971, No. 524 (P.A. 524). Section 1 of P.A. 524 acknowledged the high rate of susceptibility to heart disease and hypertension among police officers and firefighters and provided that "the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment . . . ." Payments pursuant to § 7-433c constitute "special compensation, or even an outright bonus, to qualifying policemen and firemen. *Grover* v. *Manchester*, 168 Conn. 84, 88, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 (1975). [T]he outright bonus provided by the statute is that the claimant is not required to prove that the heart disease is causally connected to his employment, which he would ordinarily have to establish in order to receive benefits pursuant to the [act]." (Internal quotation marks omitted.) *Carriero* v. *Naugatuck*, 243 Conn. 747, 754–55, 707 A.2d 706 (1998).

Soon after the enactment of § 7-433c, we held that a claimant for benefits under that section must bring his

or her claim pursuant to the procedures established in the act before seeking recourse in the courts. *Grover* v. *Manchester*, 165 Conn. 615, 618, 353 A.2d 719 (1973). "Nothing, however, in its legislative history or in its statement of purpose, as cited by the plaintiff, persuades us that § 7-433c was intended by the legislature to require each municipality in Connecticut to create separate administrative machinery duplicating that already available under the [act] for resolving claims by firemen and policemen and further to burden by additional litigation of such claims the courts as well as the municipalities." Id., 617–18.

Since the decision in *Grover*, this court has stated on many occasions that "[t]he procedure for determining recovery under § 7-433c is the same as that outlined in chapter 568, presumably because the legislature saw fit to limit the procedural avenue for bringing claims under § 7-433c to that already existing under chapter 568 rather than require the duplication of the administrative machinery available [under the act] and further burden the courts and the municipalities [with additional litigation from claims by firemen and policemen pursuant to this legislation]." (Internal quotation marks omitted.) *Collins* v. *West Haven*, 210 Conn. 423, 429–30, 555 A.2d 981 (1989); *Bakelaar* v. *West Haven*, 193 Conn. 59, 68, 475 A.2d 283 (1984); *Plainville* v. *Travelers Indemnity Co.*, 178 Conn. 664, 671–72, 425 A.2d 131 (1979). The act permits modification of an award "whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen . . . ." General Statutes § 31-315. Because benefits under § 7-433c are to be paid "in . . . the same manner" as workers' compensation benefits, we conclude that § 7-433c

payments are subject to the review and modification procedures set forth in the act. This interpretation of § 7-433c is consistent with our interpretation in *Grover* and in subsequent cases.

The plaintiffs contend that their heart and hypertension benefits under § 7-433c, unlike workers' compensation payments, are "fixed and final." They cite no authority in support of their claim. At oral argument, plaintiffs' counsel admitted that there is no explicit statutory support for their claim, and we find no support in the case law either.

The plaintiffs nonetheless argue that because benefits under § 7-433c are a "bonus," they should not be subject to modification or termination. We disagree. We previously have found that the "bonus" aspect of § 7-433c benefits is that the claimant is not required to prove that his or her heart disease or hypertension is causally connected to his or her employment, proof that would be required for workers' compensation benefits. *Carriero* v. *Naugatuck*, supra, 243 Conn. 754–55. There is no merit to the plaintiffs' unsupported contention that the bonus is that the benefits are irrevocable. Moreover, we point out that the ability to modify a heart and hypertension award under § 7-433c may be of substantial benefit to the plaintiffs. In the event of increased disability resulting from a worsening of heart disease or hypertension, the plaintiffs may seek to increase the amount of their benefits pursuant to § 31-315.

The certified question we were asked to answer is: "Are benefits awarded pursuant to [General Statutes] § 7-433c subject to the review and modification procedures set forth in the Connecticut Workers' Compensation Act?" Our answer is: Yes.

No costs shall be taxed in this court to either party.

In this opinion the other justices concurred.