[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 140)
Before the court is the defendant City of Bridgeport's motion to strike the first and second counts of the plaintiff's second revised complaint alleging claims for benefits pursuant to General Statutes § 7-433c and injunctive relief. The complaint alleges the following facts. On and prior to January 26, 1977, the plaintiff, Anthony DeNiro, formerly known as Anthony Quintiliano, was employed by the defendant, the city of Bridgeport, as a regular member of its paid police department. The plaintiff's preemployment physical examination failed to reveal any evidence of hypertension or heart disease. On or about January 26, 1977, while on duty and in the course of his employment, the plaintiff suffered an anxiety attack and elevated blood pressure. Thereafter, due to anxiety reaction, hypertension and diabetes, the plaintiff was totally disabled from his employment. On August 13, 1977, the plaintiff was officially retired by the defendant as a regular paid member of the police department by reason of a mental stress disability.
Pursuant to a union negotiated pension agreement (pension agreement), the plaintiff has received a fifty percent pension, the minimum service-related disability retirement pension. Following formal hearings, before the workers' compensation commission, the commissioner found that the plaintiff was totally disabled because of his hypertension condition. The commissioner awarded temporary total disability payments to the plaintiff, beginning in August of 1977, and continuing until such time as a change in his condition occurs.
On October 22, 1986, the parties entered into a stipulation, which was approved by the commissioner on November 6, 1986. (See Second Revised Complaint, Exhibit D.) In the stipulation, the parties agreed as follows. The plaintiff is disabled due to his heart and hypertension injury on January 26, 1977, which injury continued to the date the stipulation was entered into. He is entitled to compensation under General Statutes § 7-433c, as provided by chapter 568 of the General Statutes. The maximum cap limitation set forth in General Statutes § CT Page 61217-433b (b) does not apply to the plaintiff's case. The plaintiff shall receive full pension benefits as periodically adjusted including but not limited to 100% of the escalated raises in his pension.
On August 17, 1999, the plaintiff filed a two-count second revised complaint against the defendant asserting claims for (1) full payment of all benefits which he is entitled to recover pursuant to the Heart and Hypertension Act, §§ 7-433c[1] and 7-433b (b), and the Workers' Compensation Act, General Statutes § 31-275 et seq., and (2) injunctive relief.
On September 28, 1999, the defendant filed a motion to strike both counts of the plaintiff's second revised complaint. The defendant has submitted a memorandum of law in support of the motion and the plaintiff has submitted a memorandum of law in opposition thereto. The defendant has also submitted a reply memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 A The Heart and Hypertension Act, General Statutes §§ 7-433c and 7-433b
The defendant moves to strike count one of the plaintiff's second revised complaint on the ground that it fails to state a claim upon which relief may be granted. The defendant argues that pursuant to the statute and relevant case law, the plaintiff is not entitled to two pensions. Notably, the defendant argues that § 7-433c does not create a new system of compensation or rights to any separate or additional pension benefits.
In response, the plaintiff argues that based upon the parties' stipulation, the findings and award of the commissioner, and the version of § 7-433c in effect either at the time the defendant was ordered by the workers' compensation commission to retire him or the date that he actually submitted his retirement notice, he is entitled to receive a second pension. Specifically, the plaintiff asserts that because of his CT Page 6122 heart and hypertension injuries, he should receive benefits pursuant to § 7-433c.
 "Section 7-433c provides compensation to police officers and firefighters who suffer from heart disease or hypertension and who meet the requirements set forth in the statute. In order to collect the benefits provided by § 7-433c, a claimant need show only that he or she is a uniformed member of a paid fire department or a regular member of a paid police department, whose preemployment physical examination revealed no evidence of hypertension or heart disease, who now suffers a condition or an impairment of health caused by hypertension of heart disease that has resulted in death or disability, and has suffered a resultant economic loss. . . .
 "Unlike eligibility for benefits under the Workers' Compensation Act, a claimant under § 7-433c need not show that `the disease resulted from the employee's occupation or . . . occurred in the line and scope of his employment.'" (Citations omitted.) Zaleta v. Fairfield, 38 Conn. App. 1, 5, 650 A.2d 166, cert. denied, 234 Conn. 917, 661 A.2d 98 (1995). "Payments pursuant to § 7-433c constitute `special compensation, or even an outright bonus, to qualifying policemen and firemen. . . . [T]he outright bonus provided by the statute is that the claimant is not required to prove that the heart disease [or hypertension] is causally connected to his employment, which he would ordinarily have to establish in order to receive benefits pursuant to the [act].'" (Citation omitted.) Gauger v. Frankl, 252 Conn. 708, 711, ___ A.2d ___ (2000).
 "While the Workers' Compensation Act and § 7-433c
are separate pieces of legislation, `[t]he procedure for determining recovery under General Statutes § 7-433c is the same as that outlined in chapter 568 . . . .' . . . This is presumably because `the legislature saw fit to limit the "procedural avenue" for bringing claims under section 7-433c to that already existing under chapter 560 rather than require the duplication of administrative machinery available under the work[ers'] compensation act and further burden the courts and the municipalities with additional litigation from claims by firemen and CT Page 6123 policemen pursuant to this legislation.'" (Citation omitted.) Hyatt v. Milford, 26 Conn. App. 194, 199, 600 A.2d 5 (1991), aff'd, 224 Conn. 441, 619 A.2d 450
(1993); see also Felia v. Westport, 214 Conn. 181, 184-85, 571 A.2d 89 (1990).
In the present case, the plaintiff asserts a claim for full payment of heart and hypertension benefits under § 7-433c. Notably, in the first count of his complaint, the plaintiff alleges that he is entitled to benefits under two distinct benefit systems, namely, § 7-433c and the Workers' Compensation Act. Nevertheless, on April 18, 1979, the commissioner found that the plaintiff suffered from disabling hypertension and ordered that he be awarded temporary total disability payments retroactive to August of 1977, the date of his retirement, and continuing until there is a change in his condition. (See Second Revised Complaint, Exhibit C.) Moreover, in the stipulation, the parties agreed that the plaintiff was disabled due to his heart and hypertension injury, and was entitled to compensation under § 7-433c, as provided by chapter 568 of the General Statutes. (See Second Revised Complaint, Exhibit D.) Indeed, the court, Melville, J., found that "[w]hile the findings and award dated April 18, 1979 does not explicitly state whether it is an award for hypertension disability pursuant to § 7-433c
or the workers' compensation act, nevertheless, that award must be interpreted as being rendered under § 7-433c." DeNiro v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336101 (November 2, 1998, Melville, J.). Therefore, the plaintiff has already been awarded total disability heart and hypertension benefits pursuant to § 7-433c as well as benefits pursuant to his pension agreement. (See Second Revised Complaint, Count One, ¶ 20.)
"The modification or interpretation of an award made by the workers' compensation commissioner is the function of the workers' compensation commission and not the Superior Court." Hyatt v. Milford, supra,26 Conn. App. 199. Indeed, "[t]he administration and interpretation of § 7-433c benefits is a primary function of the workers' compensation commissioner and the compensation review division. Those tribunals have developed a proficiency with §§ 7-433c and 7-433b, and have promulgated a body of law dealing with the interpretation of those statutory provisions. This is underscored by the fact that an appeal from the compensation review division is taken not to the Superior Court but to the Appellate Court." Hyatt v. Milford, supra,26 Conn. App. 199-200.
Because the plaintiff was previously awarded benefits pursuant to § 7-433c, a modification or interpretation of the award is not the function of this court. See Hyatt v. Milford, supra, 26 Conn. App. 199. CT Page 6124 Rather, the Superior Court is empowered to execute or enforce awards pursuant to the Workers' Compensation Act. See General Statutes §31-300;[2] see also Grover v. Manchester, 165 Conn. 615, 618, 353 A.2d 719
(1973) (where the court held that to recover benefits under §7-433c, a claimant must follow the procedures outlined in chapter 568 of the General Statutes before recourse to the courts is available) Morganv. East Haven, 208 Conn. 576, 588, 546 A.2d 243 (1988) (holding that trial court has authority to review applications for execution, pursuant to § 31-300). Although the plaintiff argues in his memorandum in opposition to the motion that his claim is for enforcement of the stipulation and the commissioner's award, he has failed to allege these facts in his complaint. Therefore, since the plaintiff alleges a legally insufficient claim for enforcement of an award pursuant to the Workers' Compensation Act, the defendant's motion to strike count one of the second revised complaint is granted.
 B Injunctive Relief
The defendant moves to strike the second count of the plaintiff's second revised complaint on the ground that the plaintiff fails to allege legally sufficient claims for injunctive relief. The defendant argues in support of its motion that there is no threat of irreparable harm and that there is an adequate remedy at law under the Workers' Compensation Act. The defendant further argues that the plaintiff's application for injunctive relief does not satisfy the injunction statute because it is not verified.
In response, the plaintiff argues that he is entitled to both temporary and permanent injunctions because of the defendant's threats to unilaterally reduce his existing pension benefits. The plaintiff argues that the exclusivity provisions of the Workers' Compensation Act does not remove subject matter jurisdiction from the court for claims based on an employer's acts against an employee after the employment relationship terminates. Specifically, the plaintiff argues that the defendant's threats and retaliatory actions began years after the plaintiff's retirement. The plaintiff further argues that he is not required to comply with the verification provisions of General Statutes § 52-471 because he has not yet submitted a motion for a temporary injunction.
"[A] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Emphasis in original; internal quotation marks omitted.) Johnson v.Statewide Grievance Committee, 248 Conn. 87, 107, 726 A.2d 1154 (1999). CT Page 6125 "As an initial matter, we note that a trial court is vested with broad authority to fashion equitable relief." Elm City Cheese Co. v. Federico,251 Conn. 59, 94, ___ A.2d ___ (1999). "`"Whether damages are to be viewed by a court of equity as `irreparable' or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered."'" Emhart Industries, Inc. v.Amalgamated Local Union 376, U.A.W., 190 Conn. 371, 402, 461 A.2d 422
(1983). "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." (Internal quotation marks omitted.) Burchett v. Roncari, 181 Conn. 125,129, 434 A.2d 941 (1980). "In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." (Citations omitted; internal quotation marks omitted.) Tomasso Bros., Inc. v. OctoberTwenty-Four, Inc., 230 Conn. 641, 648, 646 A.2d 133 (1994).
"Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case . . . and likewise the power of equity to grant such relief may be exercised only under demanding circumstances. . . . The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." (Citations omitted.) Karls v. Alexandra RealtyCorp., 179 Conn. 390, 402, 426 A.2d 784 (1980).
In the present case, the plaintiff fails to allege sufficient facts to support his claims for temporary and permanent injunctions against the defendant. Because of his pursuit of additional benefits pursuant to chapter 568 of the General Statutes and § 7-433c, the plaintiff alleges that the defendant has threatened to retaliate against him by depriving him of the benefits which he presently receives. However, the plaintiff fails to allege that he lacks an adequate remedy at law. To the contrary, General Statutes § 31-284c provides that "[a]ny employee eligible to receive or receiving workers' compensation may file a complaint alleging violation of the provisions of section 31-284b with the workers' compensation commissioner." Therefore, since the plaintiff has an adequate remedy at law pursuant to § 31-284c, the plaintiff's claim for injunctive relief is legally insufficient. Accordingly, the defendant's motion to strike the second count of the second revised complaint is granted.
Based upon the foregoing, the defendant's motion to strike counts one and two of the plaintiff's second revised complaint is granted. CT Page 6126
SKOLNICK, J.