## HARRY HYATT *v.* CITY OF MILFORD
## (14430)

CALLAHAN, BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued December 10, 1992—decision released January 26, 1993

*Richard G. Kascak, Jr.,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (plaintiff).

*Marilyn J. Lipton,* city attorney, for the appellee (defendant).

PER CURIAM. The question posed by this certified appeal is whether the Appellate Court properly affirmed the judgment of the trial court dismissing the plaintiff Harry Hyatt's action, brought pursuant to General Statutes § 31-300,[1] seeking the recovery of a

---

[1] "[General Statutes] Sec. 31-300. AWARD AS JUDGMENT. INTEREST. ATTORNEY'S FEE. PROCEDURE ON DISCONTINUANCE OR REDUCTION. As soon as may be after the conclusion of any hearing, but no later than one hundred twenty days after such conclusion, the commissioner shall send to each party a written copy of his award. The commissioner shall, as part of the written award, inform the employee or his dependent, as the case may be, of any rights the individual may have to an annual cost-of-living adjustment or to participate in a rehabilitation program under the provisions of this chapter. He shall retain the original award in his office. If no appeal from his

sum allegedly due the plaintiff from a compensation award previously rendered against the city of Mil-

decision is taken by either party within ten days thereafter, such award shall be final and may be enforced in the same manner as a judgment of the superior court. The court may issue execution upon any uncontested or final award of a commissioner in the same manner as in cases of judgments rendered in the superior court; and, upon the filing of an application to the court for an execution, the commissioner in whose office the award is on file shall, upon the request of the clerk of said court, send to him a certified copy of such award. In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include in his award interest at the rate prescribed in section 37-3a and a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in his award in the case of undue delay in payments of compensation, interest at twelve per cent per annum and a reasonable attorney's fee. Payments not commenced within thirty-five days after the filing of a written notice of claim shall be presumed to be unduly delayed unless a notice to contest the claim is filed in accordance with section 31-297. In cases where there has been delay in either adjustment or payment, which delay has not been due to the fault or neglect of the employer or insurer, whether such delay was caused by appeals or otherwise, the commissioner may allow interest at such rate, not to exceed the rate prescribed in section 37-3a, as may be fair and reasonable, taking into account whatever advantage the employer or insurer, as the case may be, may have had from the use of the money, the burden of showing that the rate in such case should be less than the rate prescribed in section 37-3a to be upon the employer or insurer. In cases where the claimant prevails and the commissioner finds that the employer or insurer has unreasonably contested liability, the commissioner may allow to the claimant a reasonable attorney's fee. No employer or insurer shall discontinue or reduce payment on account of total or partial incapacity under any such award, if it is claimed by or on behalf of the injured person that his incapacity still continues, unless such employer or insurer notifies the commissioner and the employee of such proposed discontinuance or reduction in the manner prescribed in section 31-296 and the commissioner specifically approves such discontinuance or reduction in writing. The commissioner shall render his decision within fourteen days of receipt of such notice. If the decision of the commissioner finds for the employer or insurer, the injured person shall return any wrongful payments received from the day the commissioner receives the notice of discontinuance or reduction until the day of approval of such discontinuance or reduction. In any case where the commissioner finds that the employer or insurer has discontinued or reduced any such payment without having given such notice and without the commissioner having approved such discontinuance or

ford.[2] The trial court had dismissed the plaintiff's action for his failure to exhaust his administrative remedies.

The Appellate Court determined that the issue presented by the plaintiff's action was not simply the collection of a liquidated sum, as claimed by the plaintiff, but rather "the proper calculation of § 7-433c[3] bene-

reduction in writing, the commissioner shall allow the claimant a reasonable attorney's fee together with interest at the rate prescribed in section 37-3a on the discontinued or reduced payments."

[2] The plaintiff was a uniformed fire fighter for the city of Milford at the time he incurred his disability. He subsequently retired.

[3] "[General Statutes] Sec. 7-433c. BENEFITS FOR POLICEMEN OR FIREMEN DISABLED OR DEAD AS A RESULT OF HYPERTENSION OR HEART DISEASE. In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of

fits and whether or how pension payments may reduce such benefits under § 7-433b."[4] *Hyatt* v. *Milford,* 26

his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

[4] "[General Statutes] Sec. 7-433b. SURVIVORS' BENEFITS FOR FIREMEN AND POLICEMEN. MAXIMUM CUMULATIVE PAYMENT. (a) Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police benefit fund or other retirement system, the survivors of any uniformed or regular member of a paid fire department or any regular member of a paid police department whose death has been suffered in the line of duty shall be eligible to receive such survivor benefits as are provided for in the workers' compensation act, and, in addition, they shall receive such survivor benefits as may be provided for in the retirement system in which such department member was a participant at the time of his death; provided such pension benefits shall be adjusted so that the total weekly benefits received by such survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such deceased at the time of his death. Nothing contained herein shall prevent any town, city or borough from paying money from its general fund to any such survivors, provided total weekly benefits paid shall not exceed said one hundred per cent of the weekly compensation.

"(b) Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police or firemen benefit fund or other retirement system, the cumulative payments, not including payments for medical care, for compensation and retirement or survivors benefits under section 7-433c shall be adjusted so that the total of such cumulative payments received by such member or his dependents or survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such member at the time of his death or retirement. Nothing contained

Conn. App. 194, 199, 600 A.2d 5 (1991), cert. granted, 221 Conn. 905, 600 A.2d 1359 (1992). The Appellate Court concluded that the "administration and interpretation of § 7-433c benefits is a primary function of the workers' compensation commissioner and the compensation review division" and that the plaintiff's claim "should proceed through the workers' compensation system." Id., 199, 200. The Appellate Court therefore affirmed the trial court's judgment. Id., 200.

After having carefully examined the record on appeal and having given due consideration to the briefs and arguments of the parties, we have concluded that certification was improvidently granted and that the plaintiff's appeal should be dismissed. The issues raised by the plaintiff have been fully considered and correctly decided by the Appellate Court's opinion and it would serve no useful purpose for this court to repeat the discussion contained in that opinion. See *State* v. *Santiago,* 218 Conn. 483, 590 A.2d 434 (1991); *State* v. *Soltes,* 215 Conn. 614, 577 A.2d 717 (1990).

The appeal is dismissed.

herein shall prevent any town, city or borough from paying money from its general fund to any such member or his dependents or survivors, provided the total of such cumulative payments shall not exceed said one hundred per cent of the weekly compensation."