[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCKET ENTRY NO. 112)
On August 22, 1997, the plaintiff, Anthony Deniro[1]
(hereinafter "the plaintiff"), filed a three-count revised complaint against the defendant, the City of Bridgeport ("the defendant"). The plaintiff alleges that, as a former Bridgeport Police office receiving disability retirement benefits under General Statutes § 7-433c[2] and a pension plan, he is entitled to further benefits. Specifically, in the second count, the plaintiff alleges that he is entitled to additional benefits under the provisions of Chapter 568 of the Connecticut General Statutes, the Workers' Compensation Act.
On October 16, 1997, the defendant filed a motion to dismiss the second count on the ground that the court lacks subject matter jurisdiction to hear the second count. The plaintiff objected and filed a memorandum in opposition on January 28, 1998. The defendant filed a further reply on July 9, 1998. Oral argument was heard at short calendar on July 27, 1998.
A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Motions to dismiss are granted solely on jurisdictional grounds. Malaskyv. Metal Products Corp. , 44 Conn. App. 446, 451-52, 689 A.2d 1145
(1997). Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. This point has been frequently made. FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
The defendant moves to dismiss the second count of the complaint on the ground that the court lacks subject matter jurisdiction to hear the claims in the second count. CT Page 12410 Specifically, the defendant argues that the plaintiff failed to exhaust his administrative remedies. The defendant contends that claims for workers' compensation cannot be brought directly to the superior court but rather must be originally brought before the commissioner as provided by statute. The defendant further argues that any prior findings by the commissioner regarding the plaintiff relate only to the question of disability under the Heart and Hypertension Act, General Statutes § 7-433c, and do not fall under the provisions of the workers' compensation act.
The plaintiff objects and argues that he has exhausted all administrative remedies. According to the plaintiff, the complaint does not seek to establish benefits under the worker's compensation act, but rather seeks enforcement of an award that has already been granted and, thus is appropriately before the court. Specifically, the plaintiff points to a "Finding and Award" (dated April 18, 1979) as being dispositive of the issue raised by the defendant.
The plaintiff points to several factors as indicative of the fact that the "Finding and Award" of April 18, 1979 includes a determination that the plaintiff is entitled to workers' compensation benefits. For one, the plaintiff claims that a disability retirement based on hypertension was specifically denied on or about August 13, 1977 when the plaintiff was retired by the Bridgeport police department. Secondly, the plaintiff argues that the April 18, 1979 award provided the plaintiff with benefits based on mental stress and not merely hypertension. Finally, the plaintiff argues that the specific award under General Statutes § 7-433c was not determined until October 22, 1986, when the plaintiff and the defendant entered into a stipulation concerning the heart and hypertension benefits.
It is a well settled principle of administrative law that a party may not bring a matter to the Superior Court without first exhausting available administrative remedies. Indeed, the failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction. Hyatt v. City of Milford,26 Conn. App. 194, 196, 600 A.2d 5 (1991), cert. dismissed,224 Conn. 441, 619 A.2d 450 (1993).
Whether the plaintiff has exhausted administrative remedies is the central issue in dispute in the present case. While the defendant argues that the plaintiff has failed to exhaust his administrative remedies, the plaintiff argues that he, in fact, CT Page 12411 has exhausted the remedies and thus the appropriate question before the court is one of enforcement and not exhaustion. This court concludes that the plaintiff has failed to exhaust his administrative remedies.
On August 13, 1977, upon retiring from the Bridgeport Police Department, the plaintiff was specifically denied disability retirement based on hypertension. However, following formal hearings before the workers' compensation commission, the plaintiff, in April, 1979, was awarded benefits (retroactive to his retirement in August, 1977) based on disabling hypertension. The benefits also included compensation for depression and anxiety stemming from the hypertension.
While the finding and award dated April 18, 1979 does not explicitly state whether it is an award for hypertension disability pursuant to § 7-433c or the workers' compensation act, nevertheless that award must be interpreted as being rendered under § 7-433c. Central to this determination is the crucial difference between benefits awarded under § 7-433c
and the Workers' Compensation Act.
Although the Heart and Hypertension Act shares certain commonalities with the Workers' Compensation Act, the two statutes differ in important respects. While an award pursuant to General Statutes § 7-433c is a workers' compensation award in the sense that its benefits are payable and procedurally administered under the Workers' Compensation Act, it is not a workers, compensation award because it requires no proof of eligibility or liability under the Workers' Compensation Act.Carriero v. Borough of Naugatuck, 243 Conn. 747, 759,707 A.2d 706 (1998). Rather, it specifically requires the payment of compensation to firemen and policemen who have successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease and who subsequently die or are disabled as a result of such conditions. It casts no burden of proof upon the plaintiff to show that such disease resulted from the employee's occupation or that it occurred in the line and scope of his employment. Plainville v. Travelers Indemnity Co.,178 Conn. 664, 670, 425 A.2d 131 (1979). As such, the Heart and Hypertension Act provides an outright bonus to the claimant.Carriero v. Borough of Naugatuck, supra, 243 Conn. 754.
In the present case, the facts and findings of the workers' compensation commissioner are devoid of any indication that the CT Page 12412 plaintiff met his burden of showing eligibility and liability as required by the Workers' Compensation Act. To the contrary, the facts and findings merely state that the plaintiff passed a physical examination prior to employment and then began to be treated for hypertension in January, 1977. The facts and findings of the 1979 award do not indicate that the hypertension was casually connected to the plaintiff's employment, but rather seem to be based on the lower standard of § 7-433c. Consequently, the plaintiff was not awarded benefits under the Workers' Compensation Act as provided for in that chapter.
The fact that the award included benefits for conditions other than hypertension does not automatically transform the award into one under the Workers' Compensation Act. Under 7-433c
benefits are available for "any condition or impairment of health caused by hypertension or heart disease . . ." General Statutes § 7-433c. Thus, the commissioner's award for anxiety and depression stemming from the hypertension is not inconsistent with the general scheme of the Heart and Hypertension Act.
Moreover, the 1986 stipulation is not inconsistent with a finding that the original award falls under the auspices of the hypertension statute. The plaintiff argues that the 1986 stipulation between the plaintiff and the defendant is the legal authority which grants the plaintiff the heart and hypertension benefits under § 7-433c retroactively to January 26, 1977. Specifically, the plaintiff emphasizes that the stipulation provides that "[the plaintiff] is now disabled due to his heart and hypertension injury from January 26, 1977 continuing to date and is entitled to compensation under Section 7-433c as provided under Section 568 of the C.G.S." (Emphasis added.) (Amended Complaint, Exhibit C, Stipulation to Date, October 22, 1986, ¶ 4.) The plaintiff argues that the use of "now" indicates that the § 7-433c benefits are being awarded for the first time.
In interpreting the stipulation as a whole, however, such a reading of the word "now" is misplaced. Judging from the stipulation, it appears that the issue in dispute concerns various cost of living adjustments that the defendant failed to make from 1977 to 1986. Cost of living adjustments are provided for statute in the workers' compensation act[3] rather than the Heart and Hypertension Act. Nevertheless, the provision of cost of living adjustments is not inconsistent with a Heart and Hypertension Act award. Section 7-433a states, in pertinent part, CT Page 12413 that the claimant "may be entitled to receive [benefits] from his municipal employer under the provisions of chapter 568 . . ." General Statutes § 7-433a.
The appellate courts, however, have noted that the Heart and Hypertension Act is distinctly separate from workers' compensation awards in spite of the fact that the former relies on the procedures set forth under the comprehensive guidelines of workers' compensation. "Chapter 568 is used only as a `procedural avenue' for the administration of the benefits under § 7-433c
so that a duplicative procedure did not have to be created."McNulty v. Stamford, 37 Conn. App. 835, 839, 657 A.2d 1126
(1995). Due to the fact that § 7-433c depends on the procedural provisions of Chapter 568, any award under the Heart and Hypertension Act necessarily entails that the cost of living adjustments outlined in Chapter 568 be provided to recipients of benefits under 7-433c.
The stipulation is a way of providing cost of living adjustments to the plaintiff after the plaintiff already had received nearly ten years worth of payments without the benefit of cost of living adjustments. On its face, the stipulation does not provide for any additional benefits to the plaintiff, but rather reflects existing payments as amended by both the cost of living adjustments and the agreement that the maximum cap limitation set forth in § 7-433b does not apply to the plaintiff. Such a conclusion is consistent with the stipulation as a whole. The lump sum payment which settles all claims for past arrearages, for instance, does not mention any arrearages for unpaid benefits under § 7-433c, as would be expected if the plaintiff's interpretation of the stipulation were correct. If the § 7-433c benefits were first awarded to the plaintiff in the 1986 stipulation — benefits stemming from a January, 1977 injury — then the settlement payment provided for in the stipulation would surely have reflected nearly ten years of lost benefits. The 1986 stipulation, however, provided for settlement of arrearages due only to the cost of living adjustments and the removal of caps on pension during the period in dispute.
Finally, the reliance of the plaintiff on Lambert v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 188298 (February 1, 1985, Gerety, J.), aff'd 204 Conn. 563, 529 A.2d 184 (1987), is misplaced, as that case is inapposite. In Lambert, the court held that the plaintiff, a retired police officer, could receive the full CT Page 12414 payment of two pensions even though the pensions, when combined, exceeded the maximum salary being paid to a patrolman at the time. In the present case, the defendant does not argue that the plaintiff is not entitled to pensions which cumulatively might exceed the maximum salary an non-retired officer may earn. Rather, the defendant's argument is that the decision of whether the plaintiff should receive workers' compensation benefits is best reserved to the system implemented under Chapter 568. Therefore, the Lambert case is factually distinguishable and inapplicable to the matter at hand.
Further, the second count of the plaintiff's complaint cannot be entertained by the court as the plaintiff has failed to exhaust administrative remedies. Based on the record accompanying the complaint and the motion to dismiss, the plaintiff has not been awarded benefits based on workers' compensation, as opposed to hypertension benefits. Specifically, there is no evidence that the plaintiff met his burden of establishing entitlement to a workers' compensation award. As such, there is no final judgment which the court would be able to enforce pursuant to General Statutes § 31-300. Therefore, the plaintiff's motion to dismiss the second count is granted.
Melville, J.